# FRANK B. SWEETEN

## *vs.*

## STATE OF MARYLAND.

*Eight-hour law for public works: Baltimore City. Municipal corporations: mere agencies of the State; regulations need not be strictly uniform.*

Municipal corporations are simply agencies of the State formed for the purpose of conducting the affairs of government, and, as such, are subject to the control of the legislature.
p. 640

A statute declaring that laborers upon public works for the City of Baltimore shall not work more than eight hours in any one day, is constitutional, and is not to be declared invalid merely because the restriction applies to Baltimore City alone.
p. 641

It is not the absolute right of either employer or employee to do work for the State in any way he may choose to adopt, without regard to the wishes of the State.          p. 639

The fact that the legislature applies regulations to one municipality and not to others does not present a case of unlawful discrimination.                    p. 641

*Decided March 18th, 1914.*

Appeal from the Criminal Court of Baltimore City. (DOBLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*George M. Brady* (with whom was *Wm. Milnes Maloy* and *T. Howard Embert* on the brief), for the appellant.

*Edgar Allan Poe,* the *Attorney-General,* for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

The appellant was tried under an indictment based upon Chapter 94 of the Acts of Assembly of 1910, and which is as follows:

"Sec. 2. That eight hours shall constitute a day's work for all laborers, workmen or mechanics who may be employed by or on behalf of the Mayor and City Council of Baltimore, except in cases of extraordinary emergency, which may arise in time of war or in cases where it may be necessary to work more than eight hours per calendar day for the protection of property or human life; provided, that in all such cases the laborer, workman or mechanic so employed and working to exceed eight hours per calendar day shall be paid on the basis of eight hours constituting a day's work; provided further, that the rate of per diem wages paid to laborers, workmen or mechanics employed directly by the Mayor and City Council of Baltimore shall not be less than two dollars per diem; provided further, that not less than the current rate of per diem wages in the locality where the work is performed shall be paid to laborers, workmen or mechanics employed by contractors or sub-contractors in the execution of any contract or contracts, in any public work within the City of Baltimore.

"Section 3. That all contracts hereafter made by, or on behalf of the Mayor and City Council of Baltimore with any person or persons or corporation, for the performance of any work with the City of Baltimore, shall be deemed and considered as made upon

the basis of eight hours constituting a day's work, and it shall be unlawful for any such person or persons or corporation to require or permit any laborer, workman or mechanic to work more than eight hours per calendar day in doing such work, except in the cases and upon the conditions provided in section 2 of this Act."

The indictment contains thirty counts, each of the odd numbered being exactly alike, except as to the name of the workman employed by the appellant, and each of the even numbered alike in a similar manner. The odd numbered counts are upon the theory, that the appellant, a contractor engaged upon public work for the Mayor and City Council within Baltimore City, worked the employees, therein named, more than eight hours in a calendar day without the existence of an extraordinary emergency.

The theory upon which the even numbered counts are based is, that the contractor worked his employees, therein named, more than eight hours in a calendar day in a case of extraordinary emergency, but paid them less than the rate of per diem wages current in the locality, based upon eight hours constituting a day's work.

The defendant demurred to all of the counts. The demurrer was overruled, and the defendant filed a special plea, to which the State demurred. This demurrer being sustained, the case was tried upon an agreed statement of facts.

It appears from that statement, that the parties stipulated, for the purposes of the case, that Baltimore City was a municipal corporation with authority to contract for the installing of a sewerage system; that on the 15th day of April, 1912, the appellant entered into a contract with the Mayor and City Council to build certain sewers; that in said work the appellant employed workmen and permitted them to work more than eight hours per calendar day, there being no extraordinary emergency; that the agreement with said workmen provided pay at nineteen cents per hour, the cur-

rent rate of wages for similar work in that locality being one dollar and ninety cents per day of ten hours; that the appellant required his said workmen to work for ten hours in order to be entitled to one dollar and ninety cents per day; that if the appellant had been compelled to pay his workmen at the rate of one dollar and ninety cents per day for eight hour's work, his compensation would have been reduced at least one hundred dollars; that the workmen were not required to work more than eight hours in any one day, but did so voluntarily in order to earn one dollar and ninety cents in one calendar day; that it was not the intention of the workmen that they should receive the same compensation for eight hours work as was paid for ten hours work to laborers doing the same kind of work for persons having contracts with private persons; that the workmen were hired without the knowledge of the city, and that neither the city nor its officers had any supervision over them; that the labor performed by said workmen was healthful, out-of-door work, not hazardous or dangerous. The statement also stipulated in the same manner for those laborers who worked more than eight hours in cases of extraordinary emergencies. The defendant being found guilty and judgment having been entered thereon, this appeal was taken.

The appellant contends that the Act is unconstitutional in several respects, but the main objection urged is that it is in violation of the Fourteenth Amendment to the Federal Constitution and of similar provisions of the Maryland Constitution. In support of his contention, he cites numerous State decisions, wherein statutes similar in effect to the one before us have been held unconstitutional; and especially relies upon the text found in *Dillon on Municipal Corporations.* It must be conceded that those authorities are in direct conflict with the validity of the present statute. But there are, on the other hand, many other decisions holding the contrary view. Among the latter is a case decided by the Supreme Court of the United States. *Atkin* v. *Kansas,* 191 U. S. 207. In that case, the Court, in plain and unequivocal

language, held the eight hour law of Kansas to be valid. An examination of the Kansas statute shows it to be practically identical with the one now under consideration, with the exception that it applied to laborers and mechanics employed by or on behalf of the State, or by or on behalf of any county, city, township or other municipality therein, whereas the Maryland Statute is limited in its application to laborers and mechanics employed by or on behalf of the Mayor and City Council of Baltimore. In all other respects, they are the same, and the agreed statement of facts upon which that case was tried are to the same effect as in this case. In passing upon the questions raised by the Fourteenth Amendment the Court, speaking through Mr. JUSTICE HARLAN, said: "Whether a similar statute applied to laborers or employees in purely private work would be constitutional is a question of very large import, which we have no occasion now to determine or even consider. Assuming that the statute has application only to labor or work performed by or on behalf of the State, or by or on behalf of a municipal corporation, the defendant contends that it is in conflict with the Fourteenth Amendment. He insists that the amendment guarantees to him the right to pursue any lawful calling, and to enter into all contracts that are proper, necessary, or essential to the prosecution of such calling; and that the statute of Kansas unreasonably interfered with the exercise of that right." After quoting the argument of counsel, the Court further says: "These questions—indeed the entire argument of defendant's counsel—seem to attach too little consequence to the relation existing between a state and its municipal corporations. Such corporations are the creatures—mere political subdivisions—of the State, for the purpose of exercising a part of its powers. They may exert only such powers as are expressly granted to them, or such as may be necessarily implied from those granted. What they lawfully do of a public character is done under the sanction of the State. They are, in every essential sense, only auxiliaries of the State for the purposes of local government. They may

be created, or, having been created, their powers may be restricted or enlarged or altogether withdrawn at the will of the Legislature; the authority of the Legislature when restricting or withdrawing such powers, being subject only to the fundamental condition that the collective and individual rights of the people of the municipality shall not thereby be destroyed. * * * The improvement of the boulevard in question was a work of which the State, if it had deemed it proper to do so, could have taken immediate charge by its own agents; for it is one of the functions of government to provide public highways for the convenience and comfort of the people. Instead of undertaking that work directly the State invested one of its governmental agencies with power to care for it. Whether done by the State directly or by one of its instrumentalities, the work was of a public, not private character. * * * Whatever may have been the motives controlling the enactment of the statute in question, we can imagine no possible ground to dispute the power of the State to declare that no one undertaking work for it or for one of its municipal agencies should permit or require an employee on such work to labor in excess of eight hours each day, and to inflict punishment upon those who are embraced by such regulations and yet disregard them. It cannot be deemed a part of the liberty of any contractor that he be allowed to do public work in any mode he may choose to adopt, without regard to the wishes of the State. On the contrary, it belongs to the State, as the guardian and trustee for its people, and having control of its affairs, to prescribe the conditions upon which it will permit public work to be done on its behalf, or on behalf of its municipalities. No Court has authority to review its action in that respect. Regulations on this subject suggest only considerations of public policy. And with such considerations the Courts have no concern. If it be contended to be the right of every one to dispose of his labor upon such terms as he deems best,—as undoubtedly it is,—and that to make it a criminal offense for a contractor for public work to permit or require his employee to perform

labor upon that work in excess of eight hours each day, is in derogation of the liberty both of .employees and employer, it is sufficient to answer that no employee is entitled, of absolute right and as a part of his liberty, to perform labor for the State; and no contractor for public work can excuse a violation of his agreement with the State by doing that which the statute under which he proceeds distinctly and lawfully .forbids him to do." .

That municipal corporations are simply agencies of the State for conducting the affairs of government, and, as such, are subject to the control of the Legislature, is fully borne out by the Maryland decisions. In the case of *Frederick* v. *Groshon,* 30 Md. 436, this Court held so in the following language: "No principle is better established or more fundamental in its character than that a municipal corporation being organized for political purposes is constantly subject to the control of the Legislature and is liable at all times to have its public powers, rights and duties modified, changed or abolished as the Legislature may deem proper." See *Baltimore* v. *State,* 15 Md. 464; *Hagerstown* v. *Sehner,* 37 Md. 180; *Revell* v. *Annapolis,* 81 Md. 10; *Baltimore* v. *Keely Institute,* Ib. 106.

But the contention is made that the case of *Atkin* v. *Kansas, supra,* is not authority that the statute here does not deny the equal protection of the laws, because of the difference heretofore pointed out between the Kansas statute and the ·one we are considering, in that the Maryland statute is limited in its application to Baltimore City, whereas the Kansas Act is applicable to all its municipalities. We are of the opinion that this does not render the Act invalid. We must bear in mind that we are dealing with a municipal corporation and as is said in *Cooley's Const. Limitations* (7th Ed.), page 555: "The authority that legislates for the State at large must determine whether particular rules shall extend to the whole State and all its citizens,· or, on the other hand, to a subdivision of the State or a single class of its citizens only. The circumstances of a particular locality, or the

prevailing public sentiment in that section of the State, may require or make acceptable different police regulations from those demanded in another, or call for different taxation, and a different application of the public moneys. The Legislature may therefore prescribe or authorize different laws of police, allow the right of eminent domain to be exercised in different cases and through different agencies, and prescribe peculiar restrictions upon taxation in each distinct municipality, provided the State Constitution does not forbid." As we have above said, these corporations are the agencies of the State and are subject to complete legislative control. If the Legislature sees fit to say, as it did in this Act, that laborers upon public work for the Mayor and City Council in the City of Baltimore shall not work more than eight hours in any one day, that Act will not be invalid because the restriction does not apply to all of its agencies. That is a right of control that is inherent from the fact that the municipality is a mere agency of the State. The fact that other agencies are not so restricted provokes no unlawful discrimination, so long as the statute prescribes a rule of conduct which applies alike to all who contract to do work for the particular municipality and alike to all who are employed to labor on such work. The case of *Penn Bridge Co.* v. *U. S.*, 29 App. Cases (Dist. Columbia), 452, is an illustration of this principle. Congress passed an eight-hour labor law, somewhat similar to the Maryland statute, applicable only to government work in the District. The fact that its application was thus limited did not invalidate it.

In the conflict of the authorities we feel compelled to follow the distinct and explicit decision as laid down in *Atkin* v. *Kansas*. And especially since this case is susceptible of being carried to the Supreme Court by the appellant.

We will, therefore, affirm the judgment.

*Judgment affirmed, with costs to the appellee.*

STOCKBRIDGE, J., dissented.